**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CAROLYN GRACE MATTEO,
Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION, Amtrak; and WILLIAM HERRMANN, Executive Vice President & Chief Legal Officer Amtrak,
Defendants.

Case No.: 3:25-cv-03532-RBM-MSB

**ORDER GRANTING PLAINTIFF'S IFP MOTION**

**[Doc. 2]**

Before the Court is *pro se* Plaintiff Carolyn Grace Matteo's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs, or request to proceed *in forma pauperis* ("IFP Motion"). (Doc. 2.) Plaintiff's IFP Motion is **GRANTED**.

## I. BACKGROUND[1]

On December 11, 2025, Plaintiff filed a Complaint against Defendants National Railroad Passenger Corporation ("Amtrak") and Amtrak Chief Legal Officer William Herrmann (collectively, "Defendants"). (Doc. 1 ["Compl."].) At all times relevant to the allegations in the Complaint, Plaintiff was an individual with a disability—she had a fractured ankle—as defined in the Americans with Disabilities Act ("ADA"). (*Id.* ¶ 6.) On

[1] This section summarizes the allegations set forth in Plaintiff's Complaint, not conclusions of law or fact by the Court.

August 23, 2025, Plaintiff boarded an Amtrak train in Philadelphia heading to New Orleans. (*Id.* ¶ 7.) Upon boarding, she "disclosed her disability and requested reasonable accommodation for leg elevation," but the conductor denied her request and threatened to remove her from the train. (*Id.* ¶¶ 8–9.) The conductor also "filed a false Passenger Incident Report [ ] claiming Plaintiff was 'removed or prevented from boarding'" for improper conduct. (*Id.* ¶ 10.) Amtrak "erased Plaintiff's [Amtrak] app travel history and upcoming trips" shortly after this train ride. (*Id.* ¶ 12.) Over the next several months, it appears that Plaintiff had a series of negative experiences related to her attempts to file complaints with the Amtrak regional office and request records through the Freedom of Information Act ("FOIA"). (*See id.* ¶¶ 11–21, 26–37.) These experiences culminated in the instant lawsuit, where Plaintiff brings the following causes of action: (1) ADA retaliation; (2) fraud / falsification of records; (3) intentional infliction of emotional distress; (4) evidence tampering under 44 U.S.C. § 3106; and (5) violations of FOIA. (*Id.*)

## II. DISCUSSION

### A. IFP Motion

The IFP Motion presents two issues. First, the Court must determine whether an applicant properly shows an inability to pay the $405[2] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows [an] inability to pay initial fees or give security." S.D. Cal. Civ. R. 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014)

[2] In addition to the $350 statutory fee, civil litigants typically must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). The Court addresses each issue in turn.

An applicant need not be completely destitute to proceed IFP, but she must adequately prove her indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (supporting facts should be stated "with some particularity, definiteness and certainty") (citation omitted). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235; *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993).

Here, Plaintiff attests that she receives $910 per month and lists as her only assets an old car and a checking account with a negative balance. (Doc. 2 at 1–3.) She attests further that her monthly expenses are $1,475. (*Id.* at 4–5.) Exercising its sound discretion, *see Cal. Men's Colony*, 939 F.2d at 858, the Court is persuaded that Plaintiff cannot pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citation omitted).

**1. Screening Under 28 U.S.C. § 1915(e)**

Every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to mandatory screening by the Court under § 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under this provision, the Court must dismiss complaints that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Here, there is no indication that Plaintiff's claims are frivolous or malicious, or that she seeks monetary relief from immune defendants. *See* 28 U.S.C. § 1915(e)(2)(B). Therefore, the Court turns to (a) whether Plaintiff fails to state a claim on which relief may be granted and (b) whether

Plaintiff has adequately alleged subject matter jurisdiction. *See id.*

**a) Failure to State a Claim**

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The Court must liberally construe *pro se* pleadings and afford *pro se* plaintiffs "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation modified).

Here, Plaintiff asserts federal law causes of action under the ADA, the Federal Records Act of 1950, and FOIA, as well as state law causes of action for fraud and intentional infliction of emotional distress. (Compl. at 4.) Plaintiff alleges that she was an individual with a disability whose request for reasonable accommodations was denied, and that Defendants improperly withheld responses to which she was entitled under FOIA. (*Id.* ¶¶ 6–21, 26–37.) Accepting these allegations as true, *see Watison*, 668 F.3d at 1112, and mindful of its mandate to liberally construe *pro se* pleadings, *see Hebbe*, 627 F.3d at 342, the Court finds the Complaint sufficient for § 1915(e)(2)(B) screening purposes. The Court notes, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion[3] that [Defendants] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

---

[3] The Court's *sua sponte* screening is also not a substitute for any motion to compel arbitration that Defendants may seek to bring. *See Chan v. Panera, LLC*, Case No. 2:23-cv-04194-JLS-AJR, 2024 WL 4328827, at *7 (S.D. Cal. Aug. 16, 2024) ("[A] motion to compel arbitration may be filed instead of a responsive pleading under Rule 12(b).") (citations omitted); *see also* Compl. ¶¶ 41–46 (Plaintiff arguing that Amtrak's arbitration clause is unenforceable).

**b) Subject Matter Jurisdiction**

Plaintiff alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367. (Compl. ¶¶ 1–2.) The Court agrees with Plaintiff because the ADA and FOIA claims arise under the laws of the United States, and the state law claims appear to be so related to these claims as to form part of the same case or controversy. 28 U.S.C. §§ 1331, 1367.

## III. CONCLUSION

Based on the foregoing, Plaintiff's IFP Motion (Doc. 2) is **GRANTED**.

The Clerk of the Court is **DIRECTED** to issue a summons as to Plaintiff's Complaint and forward it to Plaintiff along with a blank U.S. Marshals Form 285 for each Defendant. In addition, the Clerk of the Court is **DIRECTED** to provide Plaintiff with certified copies of this Order and the Complaint so that she can serve Defendants.

Upon receipt of this "IFP Package," Plaintiff is **INSTRUCTED** to complete the Form USM-285s as completely and accurately as possible, including an address where each Defendant may be served, and return them to the U.S. Marshal according to the instructions provided with the IFP Package. The United States Marshals Service is then **ORDERED** to serve copies of the Complaint and summons upon the named Defendants as directed by Plaintiff on the Form 285s. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Defendants, once served, are **ORDERED** to respond to Plaintiff's Complaint within the time period specified in the applicable provisions of Federal Rule of Civil Procedure 12(a). Plaintiff need take no additional action in this case until after she has served all Defendants named in the Complaint and they have had an opportunity to respond.

**IT IS SO ORDERED.**

DATE: October 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE